Filed 6/6/25  P. v. Denard CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEAUTRI C. DENARD,<br><br>    Defendant and Appellant. | B340412<br><br>(Los Angeles County<br>Super. Ct. No. A968974) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed in part, dismissed in part.

Deautri C. Denard, in pro. per.; Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Thirty-two years after a court sentenced appellant Deautri C. Denard to life imprisonment, he filed a motion for "Relief Due to Discrimination pursuant to Penal Code section 745(a)," and a motion for "Juvenile Fitness/Transfer Hearing."[1]  In July 2024, the superior court denied both motions, and Denard appealed.

After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting they could find no arguable issues, Denard filed a supplemental brief, accusing the Los Angeles Police Department detectives who investigated his crimes of racial bias, claiming his prior counsel was ineffective, and alleging the police and district attorney's office withheld evidence in his case.  He did not address why the superior court's denial of his section 745 motion was appealable, or why the court erred in denying his motion for "Juvenile Fitness/Transfer Hearing."

Because Denard was in custody when he filed his section 745 motion, the superior court lacked jurisdiction to act on it, rendering the court's denial unappealable.  Therefore, we dismiss that portion of Denard's appeal.  Because Denard fails to argue let alone demonstrate how the trial court erred in denying his motion for a "Juvenile Fitness/Transfer Hearing," we affirm the court's order denying that motion.

---

[1] Undesignated statutory references are to the Penal Code. Section 745 is one of the interrelated statutes that comprise the Racial Justice Act.  (*Young v. Superior Court* (2022) 79 Cal.App.5th 138, 147.)

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

In 1990, an amended information charged Denard (born April 1963) with several crimes committed in May 1988. In 1991, a jury convicted Denard for kidnapping for ransom, first degree murder, second degree murder, shooting at an inhabited dwelling, and assault with a deadly weapon. The court sentenced him to 27 years to life plus two consecutive terms of life imprisonment without the possibility of parole.

In July 2024, Denard filed a form "Motion for Relief Due to Discrimination" under section 745, subdivision (a). On the same day, he filed a motion for "Juvenile Fitness/Transfer hearing," alleging that he was 25 years old "at the time of his offense" but was never afforded a "Welf. & Inst.Code § 707 fitness hearing at any time prior to . . . the prosecution filing directly into adult criminal court [*sic*]."

The court denied Denard's first motion because "the Defendant was sentenced on January 31, 1992"; therefore "this case is final" and Denard "is not entitled to relief under Penal Code section 745(a)." The court denied Denard's second motion because he "was 25 years of age when [the] offenses were committed. As such, the Defendant is not entitled to recall of sentence pursuant to Penal Code section 1170(d)(1)." Denard timely appealed.

**DISCUSSION**

"The Racial Justice Act (§ 745) precludes the state from seeking or obtaining a criminal conviction or sentence on the

---

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

basis of race, ethnicity, or national origin.  It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the application provision of the statute." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*).)  "Under the subdivision of section 745 that describes the scope of the statute's application, defendants . . . whose judgment is already final are permitted to bring a Racial Justice Act claim only in (1) a petition for writ of habeas corpus pursuant to section 1473 (for incarcerated defendants), or (2) a motion under section 1473.7 (for defendants who are no longer in criminal custody)." (*Id.* at p. 1000.)  Because Denard was in custody when he sought relief under section 745, he could only bring a claim through a petition for a writ of habeas corpus.  "The trial court therefore lacked jurisdiction to act on the motion that he filed, and the court's order denying that motion is not appealable."[3]  (*Ibid.*)

In his supplemental brief, Denard accuses the Los Angeles Police Department detectives who investigated his crimes of racial bias, his prior counsel of ineffective assistance of counsel, and the police and district attorney's office of withholding evidence in his case.  But he does not explain why the court's order denying his motion is appealable.

---

[3] Had Denard filed a petition for a writ of habeas corpus, the trial court's ruling denying that petition also would not have been appealable.  "A defendant may not appeal a trial court's denial of a habeas corpus petition, but may seek review only through a subsequent habeas corpus petition filed in a reviewing court." (*Hodge*, *supra*, 107 Cal.App.5th at p. 1000, fn. 5.)

As for the court's denial of Denard's motion for "Juvenile Fitness/Transfer Hearing," "the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)  Denard makes no argument as to why the court erred in denying his motion and thus fails to meet his burden.

## DISPOSITION

The portion of the appeal relating to Denard's motion under section 745 is dismissed without prejudice to the filing of a petition for writ of habeas corpus in the superior court.  In all other respects, the court's order is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.